UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL WEST,

Plaintiff,

v.

CHILDREN & FAMILY SERVICES, COUNTY OF SOUTH CENTRAL WAYNE and SHANNON NAQUANA JONES,

Defendants.
______________________________/

Case No. 4:26-cv-13066

Hon. F. Kay Behm
United States District Judge

**ORDER GRANTING APPLICATION TO PROCEED WITHOUT PREPAYING FEES AND COSTS (ECF No. 2), DENYING MOTION FOR SERVICE OF PROCESS (ECF No. 3) AS MOOT, AND SUMMARILY DISMISSING COMPLAINT**

## I. PROCEDURAL HISTORY

Plaintiff Michael West filed this action on August 27, 2026, against Children & Family Services of South Central Wayne County and Shannon Naquana Jones, who he sues in both her official and personal capacities. ECF Nos. 1, 6. He also filed an application to proceed without prepaying fees and costs, as well as a motion for service of process. ECF Nos. 2, 3. The

Court finds the application to proceed without prepaying fees and costs facially sufficient and **GRANTS** the application.

For the reasons explained below, however, the complaint will be summarily dismissed under 28 U.S.C. § 1915(e)(2)(B), and the motion for service of process will therefore be **DENIED AS MOOT.**

## II. LEGAL STANDARD

When an individual applies to proceed *in forma pauperis*, their claim is subject to the screening standards established in 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 865-66 (6th Cir. 2000). Congress introduced this subsection with an understanding that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under this subsection, a court must dismiss a claim if it: "(i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Pursuant to Federal Rule of Civil Procedure 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is

entitled to relief." Fed. R. Civ. P. 8(a)(2). The standard "does not require 'detailed factual allegations' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 678. "Conclusory allegations are not entitled to the assumption of truth." *Washington v. Sodecia Auto.*, No. 25-1362, 2025 LX 434919, at *4 (6th Cir. Oct. 21, 2025). Additionally, a claim must exhibit "facial plausibility," meaning it includes facts sufficient to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. ANALYSIS

Plaintiff alleges that on September 13, 2023, his daughter, who was born that day at home, was removed from his custody and his parental rights were terminated by Jones' order after he left his daughter at the hospital to return home to check on her mother. ECF No. 1, PageID.5-6. He alleges that Defendants "never had an order of removal signed by a magistrate allowing the removal of [his] daughter from his parental custody." *Id.*, PageID.7.

Although it is somewhat difficult to discern, Plaintiff appears to assert violations of the Fourth, Sixth, Ninth, Fourteenth, and Eleventh Amendments, as well as a *Monell* claim and a request for issuance of a writ of habeas corpus. However, Plaintiff fails to clarify how any of the listed amendments have been violated, nor does he clarify what type of claim he intends to assert under the Fourteenth Amendment (although at one point he references Equal Protection in relation to violation of 42 U.S.C. 1985(3) but fails to expand on this claim). A complaint must allege facts establishing that the plaintiff is entitled to relief, which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Here, Plaintiff has presented "naked assertions devoid of further factual enhancement," which is insufficient. *Id.* (citation omitted). Plaintiff also makes various references to state court proceedings, presumably related to custody of his daughter, but does not provide any information which would allow the Court to determine if those proceedings are ongoing, or what kind of due process Plaintiff was afforded, assuming he intended to assert such a claim. Overall, as Plaintiff has failed to sufficiently make out any of the claims that he references, his complaint will be dismissed.

## IV. CONCLUSION

For the reasons set forth above, although Plaintiff's application to proceed *in forma pauperis* is **GRANTED**, Plaintiff's complaint is **DISMISSED** without prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted. As such, Plaintiff's motion for service of process (ECF No. 3) is **DENIED AS MOOT.**

**SO ORDERED.**

Date: September 29, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge